# Jones *v.* Dunn Hardware Company.

*Assumpsit.*

(Decided April 22, 1915. Rehearing denied June 3, 1915. 68 South. 811.)

1. *Appeal and Error; Harmless Error; Pleading.*—If there was any error in sustaining demurrers to certain pleas, such error was harmless where the defendant filed 25 special pleas, all of which attempted to allege the same defense by way of set off, and any evidence that could have been admitted under the pleas to which demurrers were sustained was equally admissible under the pleas to which demurrers were overruled.

2. *Same.*—Where plaintiff joined issue on all of defendant's pleas by way of set off, and the complaint was proven beyond dispute, and defendant utterly failed to prove any of his pleas, the overruling of demurrers to special replications to such pleas was not prejudicial to defendant.

APPEAL from Conecuh Circuit Court.

Heard before Hon. A. E. GAMBLE.

Action by the Dunn Hardware Company against James F. Jones on the common counts. Judgment for plaintiff, and defendant appeals. Affirmed.

Transferred from the Court of Appeals under the act creating said court.

JAMES A. STALLWORTH, for appellant.

HAMILTON & CRUMPTON, and PAGE, MCMILLAN & BROOKS, for appellee.

MAYFIELD, J.—Appellee sued appellant on account, and for goods sold and delivered, etc. The defendant pleaded 25 or more special pleas. After demurrer being overruled to some of the pleas, the defendant was allowed to plead over several times, and plaintiff's demurrers were finally overruled to a great number of these special pleas, unnecessary here to mention by number, and the plaintiff filed a number of special replications to each of these pleas. To these replications defendant demurred; and issue being joined on these replications, when the evidence was all in, the court, at the request of plaintiff, gave the affirmative charge with the usual hypothesis, which resulted in a verdict and judgment for the amount sued for, with interest, amounting to $300.80. From such judgment the defendant prosecutes this appeal.

(1) It is unnecessary to pass separately on each of the many assignments of error. A great number of these assignments go to the sustaining of demurrers to defendant's special pleas. We do not say that in any of these rulings there was error; but merely that, if error there was, it was without possible injury to the defendant. There was but one defense attempted to be set up in any one of these 25 pleas, and that was real-

ly not a defense, but was matter pleaded in the way of set-off. Each plea attempted to show the same cause of action—the negligence of plaintiff or its agents in the storing or keeping of oil or gasoline, in consequence of which negligence the defendant's office and books were burned and damages to the amount of $750, which amount the plea offered to set off against the plaintiff's claim sued on.

It is sufficient to say that if plaintiff could have proved any one of the pleas as to which the demurrer was sustained, it could have proved any one of the pleas as to which demurrer was overruled. Any evidence that would have been admissible under any one of the pleas as to which demurrer was sustained was equally admissible under any one of the pleas as to which the demurrer was overruled.

(2) It is unnecessary to notice any one of the special replications, for the reason that issue was joined on each of the pleas, and the defendant utterly failed to prove any one of such pleas, and the plaintiff's complaint was proven without dispute. There was therefore no error in the giving of the affirmative charge as requested by the plaintiff.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.