(98 South. 909)

### TRAVELERS' INS. CO. v. PLASTER.
(3 Div. 654.)

(Supreme Court of Alabama. Jan. 24, 1924.)

1. **Insurance ⬅⮞539(5)—Lack of stipulated notice of loss good defense, if timely insisted on.**

The lack of stipulated notice of loss, if timely insisted on, *held* a good defense to an action on an insurance policy.

2. **Insurance ⬅⮞555, 560(3)—Lack of formal notice of loss may be waived; denial of liability on other grounds waives delay in giving or lack of notice of loss.**

Lack of formal notice under insurance policy, or of notice within time prescribed, may be waived, and if, after denial of liability on other grounds, insured, or beneficiary for him, proceeds to establish claim by suit, it may be assumed he thereby incurs trouble and expense because liability was denied on such other grounds.

3. **Insurance ⬅⮞395—Urging one ground of forfeiture against claim waives all others.**

When one specific ground of forfeiture is urged against the claim of insurance money, all other grounds are waived.

4. **Appeal and error ⬅⮞1040(15)—Error, if any, in overruling demurrer to replication without harm in view of defendant's failure in prove plea.**

In action on insurance policy where defendant failed to prove its plea of nonliability because no notice was given it of injury or accident for which claim was made within a reasonable time, assuming that it was error to overrule demurrer to replication setting up waiver of such notice, no harm resulted.

5. **Insurance ⬅⮞146(3)—Policies drawn by insurers construed to favor insured, if susceptible of two constructions.**

Policies of insurance, drawn by insurers, are not to be construed too literally, and, where susceptible of two constructions, one favorable to insured and the other to insurer, that will be adopted which favors insured.

6. **Evidence ⬅⮞14—Danger of pus infection matter of common knowledge.**

The danger of pus infection is matter of common knowledge among people of intelligence and education.

7. **Insurance ⬅⮞668(11)—Whether deceased totally disabled within meaning of policy proper question for jury.**

Where insured, a traveling salesman, suffered injury in the foot, on July 18th, while on a business trip, and next morning headed back for home and arrived there three days later, and after intermittent treatments of the injury, and attempts to travel on the road, had died from blood poisoning, a result of the injury, on December 27th, *held* in action on the policy, the issue whether insured was wholly and continuously disabled from performing any kind of duty within total disability clause of the policy was properly left to jury.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Action on a policy of insurance by Margery Plaster, as administratrix of the estate of Dayton Plaster, deceased, against the Travelers' Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Plea 7, interposed by defendant, is as follows:

"7. For further plea defendant sayeth: That it is a condition precedent to liability under said policy of insurance sued on that written notice as early as might be reasonably possible should be given to the defendant insurance company at Hartford, Conn., of any accident and injury for which claim might be made, with full particulars thereof and full name and address of insured. And defendant avers that plaintiff's intestate received the injury which

resulted in his death on, to wit, July 18, 1922, and failed and neglected to give any notice to the defendant insurance company of such injuries for a long time thereafter, to wit, over two months; and defendant avers that said period of over two months was an unreasonable time within which plaintiff's intestate should have given it notice of such accident and injury; wherefore, defendant says it is not liable on said policy of insurance."

Plaintiff's replication 2 to defendant's plea 7, is as follows:

"2. Plaintiff alleges that after the death of said Dayton Plaster, the defendant having knowledge or notice of the defense set up in said plea refused payment of said insurance, and assigned as the sole grounds for such refusal that the insured did not die an accidental death independent of all other causes, and that the defendant was protected from liability by part A of the policy sued upon, and plaintiff avers that the condition or provision relied upon in said plea is not contained or referred to in part A of said policy. Plaintiff further avers that not knowing that defendant had or pretended to have any other defense to the payment of said insurance, the plaintiff incurred considerable expenses for attorneys and court costs and went to much trouble in and about the collection of the amount due under said policy. Wherefore the plaintiff says that the defendant has waived the alleged defense set up in said plea and is estopped to avail itself thereof."

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

A requirement in a policy that notice of any accident or injury for which claim may be made shall be given the company is binding on the beneficiary, where no notice was given by the insured prior to his death. Travelers' Ins. Co. v. Nax, 142 Fed. 653, 73 C. C. A. 649. Where insurer denies liability on one ground he is not estopped to set up additional grounds, in the absence of showing that insured or beneficiary was damaged by such action. Cassimus v. Scottish Union, 135 Ala. 256, 33 South. 163; Travelers' Ins. Co. v. Nax, supra; Globe Mutual Life Ins. Co. v. Wolff, 95 U. S. 326, 24 L. Ed. 387; Hart v. Fraternal Alliance, 108 Wis. 496, 84 N. W. 853; 14 R. C. L. 1196; note, 20 Ann. Cas. 439; Dewey v. National Casualty Co., 72 Misc. Rep. 23, 129 N. Y. Supp. 136; Ætna Life Ins. Co. v. Fitzgerald, 165 Ind. 317, 75 N. E. 262, 1 L. R. A. (N. S.) 422, 112 Am. St. Rep. 232, 237, 6 Ann. Cas. 551; Employers' Liability Assur. Corp. v. Rochelle, 13 Tex. Civ. App. 232, 35 S. W. 869; St. Louis Ins. Co. v. Kyle, 11 Mo. 278, 49 Am. Dec. 74; Welsh v. London Assur. Corp., 151 Pa. 607, 25 Atl. 142, 31 Am. St. Rep. 786; Devens v. Mechanics' & Traders' Ins. Co., 83 N. Y. 168; Becker v. Interstate Ass'n (C. C. A.) 265 Fed. 508. If an insured is able to perform all the substantial and material acts necessary to be done in the prosecution of his business, he is not wholly disabled. U. S. Casualty Co. v. Per-

ryman, 203 Ala. 212, 82 South. 462; Ætna Life Ins. Co. v. Lasseter, 153 Ala. 630, 45 South. 166, 15 L. R. A. (N. S.) 252; Continental Casualty Co. v. Wade, 101 Tex. 102, 105 S. W. 35; Clark v. Pac. Mutual Life Ins. Co., 185 Ill. App. 580; Laventhal v. Fid. & Cas. Co., 9 Cal. App. 275, 98 Pac. 1075; Williams v. Preferred Accident Ass'n, 91 Ga. 698, 17 S. E. 982; Merrill v. Travelers' Ins. Co., 91 Wis. 329, 64 N. W. 1039; Letherer v. U. S. Health & Accident Ins. Co., 145 Mich. 310, 108 N. W. 491; Rayburn v. Penn. Cas. Co., 141 N. C. 425, 54 S. E. 283; Preferred Masonic Accident Ass'n v. Jones, 60 Ill. App. 106.

Hill, Hill, Whiting & Thomas, of Montgomery, for appellee.

Where, by assertion of one ground of nonliability, the insurer induces the insured or beneficiary to remain inactive, or to incur trouble or expense, other grounds of defense are waived. Replication 2 was not demurrable. Security Ins. Co. v. Laird, 182 Ala. 121, 62 South. 182; So. Ind. Ass'n v. Hoffman, 16 Ala. App. 274, 77 South. 424; Fidelity, etc., Co. v. Ray, 196 Ala. 425, 72 South. 98; Ga. Home Ins. Co. v. Allen, 128 Ala. 451, 30 South. 537; 1 C. J. 478; 32 C. J. 1354. But error, if any, in overruling demurrers, is harmless, the plea not being sustained as against a general traverse. Jones v. Dunn Hdw. Co., 192 Ala. 95, 68 South. 811; Taber v. Royal Ins. Co., 124 Ala. 681, 26 South. 252; Prov. L. & A. Ins. Co. v. Elliott, 198 Ala. 230, 73 South. 478; 14 R. C. L. 1327; L. R. A. 1915F, 1215, note; Robison v. Insurance Co., 192 Ill. App. 475; Maloney v. Md. Cas. Co., 113 Ark. 174, 167 S. W. 845. Total disability is a question of actual physical status; what the insured does or does not do is mere evidence, not conclusive. U. S. Cas. Co. v. Perryman, 203 Ala. 212, 82 South. 462; Rathbun v. Globe Ins. Co., 107 Neb. 18, 184 N. W. 903, 24 A. L. R. 191; Clarke v. Travelers' Ins. Co., 94 Vt. 383, 111 Atl. 449; Fid. & Cas. Co. v. Joiner (Tex. Civ. App.) 178 S. W. 806; U. S. Cas. Co. v. Hanson, 20 Colo. App. 393, 79 Pac. 176; Hohn v. Inter-State Cas. Co., 115 Mich. 79, 72 N. W. 1105; Lobdill v. Laboring Men, 69 Minn. 14, 71 N. W. 696, 38 L. R. A. 537, 68 Am. St. Rep. 542; Wall v. Cont. Cas. Co., 111 Mo. App. 504, 86 S. W. 491; Am. Liab. Co. v. Bowman, 65 Ind. App. 109, 114 N. E. 992; N. A. Ins. Co. v. Miller (Tex. Civ. App.) 193 S. W. 750; Metro. Cas. Co. v. Edwards (Tex. Civ. App.) 210 S. W. 856; Metro. Cas. v. Cato, 113 Miss. 283, 74 South. 114; Starling v. Sup. Council, 108 Mich. 440, 66 N. W. 340, 62 Am. St. Rep. 709; Wolcott v. United Life, 55 Hun, 98, 8 N. Y. Supp. 263; Cont. Cas. Co. v. Mathis, 150 Ky. 477, 150 S. W. 507.

SAYRE, J. Plaintiff's (appellee's) intestate was a traveling salesman for a jobbing house in Montgomery. He traveled by automobile. On the night of July 18, 1922, intestate was

hurt by a piece of steel broken from a bath tub at De Funiak Springs, Fla. The hurt was about one-half inch in length and one-eighth of an inch wide. Some of the flesh had been "gouged out," as one of the witnesses expressed it, "from under the ball of his foot just back of the little toe." Next morning his shoe was cut, he limped, and complained of pain. He then "headed back towards Montgomery"; but it is not clear whether he came directly from De Funiak Springs to Andalusia or took the more roundabout route through Hartford, Slocomb, Malvern, and Geneva. His chauffeur testified that he did not go to as many places as usual and had to be helped out of his car. July 20th intestate drove from Andalusia to Luverne, and on the 21st back to Montgomery by way of Greenville and Ft. Deposit. At Ft. Deposit he took dinner with Mrs. Weaver, an old friend, who testified that "he was crippled. He seemed to have difficulty in getting about. * * *" July 21st intestate went to his physician in Montgomery for treatment. He was then trying to walk on his heel. There was pus in the wound. He had treatment for three days and then went out on the road again. His physician testified:

"In my opinion it was not prudent for him to undertake to work at that time as a traveling salesman. I advised him not to do so. In my opinion as a medical man it was not safe for him to continue traveling and walking and doing work, and I so advised him when I first discovered his infection. He could not walk without pain at that time. * * *"

But he continued to travel, four or five days in the week, returning to Montgomery each week for treatment, until September 29th. "Every time he would go out the foot would be some better, and when he came back it would be worse." After September 29th he remained at home until October 9th, when he was carried to an infirmary, where he remained until November 9th, and during this time a part of his foot was amputated. He then returned home, but had the frequent attention of his physician, until December 14th, when he returned to the infirmary, suffered another amputation, and on December 27th died from the effects of blood poison. No reason appears why the deposition of the medical witnesses, that plaintiff's intestate died as a result of pus infection, or blood poison, permeating his system from the wound in his foot, should be doubted. This statement of the facts—abbreviated, of course—is made in view of defendant's (appellant's) contention that it was entitled to the general affirmative charge, or, in any event, that its motion for a new trial should have been granted. There was no conflict in the evidence except as to the question—and that not of great importance—whether on the day after his hurt plaintiff's intestate went

210 ALA.—39

directly from De Funiak Springs to Andalusia or by way of Hartford, Slocomb, Malvern, and Geneva. However, without this conflict, the ultimate question of litigated fact, viz. whether the wound suffered by plaintiff's intestate at De Funiak Springs, "wholly and continuously," within the meaning of the policy of accident insurance which he carried in defendant company, "disabled him from performing any and every kind of duty pertaining to his occupation" from the date of his injury to the time of his death—this question was one of inference and, as against plaintiff at least, was one proper to be submitted to the jury for decision.

Plaintiff, as administratrix, sued on intestate's policy of accident insurance. Defendant pleaded the general denial and specially—briefly to state the effect of plea 7—that plaintiff's intestate had not complied with a condition of liability provided by the policy in that, for an unreasonable time, to wit, more than two months, he failed and neglected to give defendant notice of his injury. Plaintiff replied by the general replication and specially that the condition had been waived.

In its schedule of indemnities the policy provided:

"Death, dismemberment and loss of sight—single indemnity.

"Part A. If such injuries" (meaning accidental injuries) "shall wholly and continuously disable the insured from the date of accident from performing any and every kind of duty pertaining to his occupation, and during the period of such continuous disability, but within two hundred weeks from date of accident, shall result independently and exclusively of all other causes in any one of the losses enumerated in this part, or within ninety days from the date of the accident, irrespective of total disability, result in like manner in any one of such losses, the company will pay the sum set opposite such loss and in addition weekly indemnity as provided in part B to the date of death, dismemberment, or loss of sight."

Defendant's first contention is that the trial court erred in overruling its demurrer to plaintiff's second special replication. This ruling of the court may be justified on two or more grounds:

1. In 4 Cooley's Briefs on the Law of Insurance, 3531, it is said that—

"A failure to give notice or furnish proofs of loss, or defects in the notice and proofs, are waived by a denial of liability on other grounds. This rule is fundamental, and scarcely needs to be supported by the citation of authorities."

However, numerous authorities are cited. The text proceeds: "The same rule obtains under life and accident policies." Numerous other authorities are cited.

[1-3] There are expressions in some of our cases which would seem to support defendant's proposition that plaintiff's second replication failed to state a case of waiver be-

cause it did not affirmatively show that plaintiff incurred the expense alleged and went to much trouble in and about the collection of the amount due under the policy for the reason that defendant had placed its denial of liability on the specific different grounds stated above or that such denial resulted in expense and trouble to which otherwise plaintiff would not have been put; in short, that the replication failed to show, quoting language to be found in Cassimus v. Scottish Union, 135 Ala. 256, 33 South. 163, "that the plaintiff was misled to his injury by the claim of nonliability on the particular ground stated." And it must be conceded that there are decisions in other jurisdictions to the effect that the notice stipulated for is an absolute condition of liability that, no matter what is said or done between the parties, the insurer may defeat a recovery on the ground that notice has not been given as stipulated. But we do not concur in this statement of the rule of nonliability. The lack of the stipulated notice, if timely insisted upon, is a good defense because that is the meaning of the contract by which the parties are bound. But the lack of formal notice, of or notice within the time prescribed, may be waived, and if, after a denial of liability on other grounds, the insured—or, in case of his death, his personal representative or the beneficiary named in the policy—proceeds to establish his claim by suit, it may be safely assumed that he thereby incurs trouble and expense to maintain his right on litigable grounds, the question of notice apart, because when called upon to concede or deny liability the insurer based its denial of liability on grounds other than the lack of notice; and so this court, in common with some others, has taken the broad ground that, when one specific ground of forfeiture is urged against the claim of insurance money, all other grounds are waived. National Ins. Co. v. Singleton, 193 Ala. 84, 69 South. 80; Security Ins. Co. v. Laird, 182 Ala. 121, 62 South. 182; Georgia Home Ins. Co. v. Allen, 128 Ala. 451, 30 South. 537; 32 C. J. 1354, note 2; Cooley's Briefs, supra.

[4] 2. Though it be assumed that the court erred in its ruling on the replication, no harm resulted because defendant failed to prove its plea 7. Jones v. Dunn Hardware Co., 192 Ala. 95, 68 South. 811. By its plea defendant undertook to prove that it had not received notice at Hartford, Conn., within two months after the accident and injury to plaintiff's intestate. After the death of plaintiff's intestate, information as to the fact in question, for aught appearing, was within the exclusive keeping of defendant. Defendant had had notice in some sort of intestate's injury—that is, of the fact that intestate had been injured—on October 13th, for on that date its adjuster at Birmingham went to see intestate, who was then at the infirmary, and discussed the accident with him and his daughter, the plaintiff. But there was no evidence that defendant had not the notice specified in the contract of insurance, and the burden of proof as to the plea rested on defendant.

The most seriously litigated question arose out of defendant's contention that the accident and injury suffered by plaintiff's intestate had not wholly and continuously disabled him from the date of the accident from performing any and every kind of duty pertaining to his occupation within the meaning of part A quoted above. It was with a view to this contention that we have made a statement of the evidence in the cause.

[5] Policies of insurance, drawn by the insurers, are not to be construed too literally, for that would leave scarcely any field in which such contracts would operate to afford the protection for which the policy holders think they are providing. Stokely v. Fidelity & Casualty Co., 192 Ala. 92, 69 South. 64, L. R. A. 1915E, 955. The parties have the right to make their own contracts and must be bound by them; but this court has more than once recognized the principle that—

"Where the provisions of a policy of indemnity are reasonably susceptible of two constructions, consistent with the object of the obligation, one favorable to the assured, and the other favorable to the assurer, that will be adopted which is favorable to the assured." Illinois Automobile Ins. Exch. v. Southern Motor Sales Co., 207 Ala. 265, 92 South. 429, 24 A. L. R. 734, and authorities cited.

The term "total disability" is a relative term, depending in a measure upon the character of the occupation and the capabilities of the insured, and to a large extent upon the circumstances of the particular case. Ordinarily it is a question of fact, and not of law. 4 Cooley's Briefs, 3312. Where the policy insures against accidental injuries "wholly and continuously disabling him [the insured] from transacting any and every kind of business pertaining to his occupation," to constitute total disability, it is not necessary that an injury should render the insured physically unable to transact any kind of business pertaining to his occupation, but it is sufficient if the injury is such that common care and prudence require him to desist from transacting such business in order to effect a cure. This is a duty he owed to the insurer as well as to himself. Lobdill v. Laboring Men's Ass'n, 69 Minn. 14, 71 N. W. 696, 38 L. R. A. 537, 65 Am. St. Rep. 542. In Fidelity & Casualty Co. v. Joiner (Tex. Civ. App.) 178 S. W. 806, the court observed:

"It not infrequently happens that one suffering from injuries to his person performs duties pertaining to his occupation which he is wholly unable, in the reasonable and proper sense of those words so used, to perform; and that, as a consequence, because he was unable to do same, he suffers death or an aggravation of his injuries."

Other cases might be cited. But it is unnecessary. This court has so ruled in a case which seems to be conclusive of this, so alike are the facts. U. S. Casualty Co. v. Perryman, 203 Ala. 212, 82 South. 462, where quite a number of the authorities are cited. It was there held that plaintiff was entitled to recover if he satisfied the jury that his injury was of such a character and to such an extent that common care and prudence required him to desist from his labors and rest so long as it was reasonably necessary to effectuate a speedy cure—so that a competent physician would direct him so to do, this, in that case, notwithstanding plaintiff and his physician alike failed in the beginning to recognize the serious nature of his injury. "An honest effort to labor which ought not in fact to be made should not, nor does it, defeat a right to indemnity under a policy of accident insurance." Clarke v. Travelers' Ins. Co., 94 Vt. 383, 111 Atl. 451.

[6] Finally, on this question, defendant seeks refuge in the proposition that, since by the policy it was made a condition of recovery as for death that insured should be wholly and continuously disabled "from the date of accident" (part A, supra), plaintiff should not have been allowed to recover because there was no evidence of intestate's "total disability" during the period between the accident and the time of his first consultation with his physician, who then advised him to quit work. Reference to the facts that have been stated and to the rule of construction established by the authorities should suffice to refute this contention. The danger from pus infection or blood poison is a matter of common knowledge among people of intelligence and 'education. The event went to prove, and the jury were by the evidence authorized to infer, that from the date of the accident plaintiff's intestate should have been under the care of his physician and that the location of his wound made it peculiarly dangerous for intestate to go about the duties of his occupation, which kept him away from home and on his feet much of the time.

[7] Our judgment is that the issue as to the extent of the disability suffered by plaintiff's intestate—whether it brought plaintiff's case within the purview of the policy—was properly submitted to the jury, and that error cannot be predicated of the court's action in overruling the motion for a new trial.

It follows of course that, in our opinion, there was no error in refusing the general affirmative charge requested by defendant.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.