(133 So. 303)

## MARYLAND CASUALTY CO. v. TERRY.

### 8 Div. 925.

Court of Appeals of Alabama.
Dec. 16, 1930.

Rehearing Denied Jan. 13, 1931.

Cooper & Cooper, of Huntsville, for appellant.

R. E. Smith and R. C. Brickell, both of Huntsville, for appellee.

**BRICKEN, P. J.**

Appellee, T. T. Terry, sued appellant, Maryland Casualty Company, a corporation, upon a steam boiler policy, issued by appellant to Farmers' State Bank, which policy, it is admitted, was properly assigned to appellee before the alleged explosion and alleged injury to the boiler covered, occurred. The peril insured against was all immediate loss or damage caused by the explosion, collapse, or rupture of the boiler covered. The evidence was abundantly sufficient to afford a reasonable inference that the damage to the boiler was the result of an explosion. Hence there was no error in refusing the general affirmative charge requested by the defendant as for failure to show that the damages to the boiler occurred as a result of the peril insured against.

On the trial, verdict and judgment was rendered for the plaintiff in the amount of $535.

Appellant has assigned for error the rulings of the court on the demurrers to the complaint, the demurrers to the pleas, and the demurrers to the replications. These rulings of the trial court have not been sufficiently argued in brief of appellant to engage their review. Under appellant's "Propositions" numbered "I," "II," and "III," apparently intended to have reference to these rulings on the demurrers, its argument is devoted, not to a discussion of the averments of the pleadings challenged by demurrers, but to a discussion of the evidence in the case, particularly. as related to paragraphs 4 and 5 of the policy the provisions of which said paragraphs are as follows:

"4. (a) In case of accident, and also in case of claim upon the assured for any damage covered by this policy, the assured shall give immediate notice to the Company in writing, (b) and as soon as possible thereafter shall render a particular account thereof with an affidavit stating the value of the property destroyed or damaged, the amount of the damage and loss resulting from the accident, particulars of other similar insurance with copies of all policies if requested."

"5. (a) In case of accident, the Company shall have reasonable time and opportunity to examine thoroughly the boiler and the machinery and premises connected therewith and the damaged property, before any repairs are commenced; (b) and the Company may repair, restore or replace the assured's property damaged or destroyed, or pay the loss in money, upon giving notice of such intention after said examination shall have been made and statement of amount of loss has been furnished by the assured as provided in paragraph 4, but the Assured shall not, without the consent thereto of the Company previously given in writing, incur any expense on account of death or personal injury, nor on account of damage to his own property or to the property of others."

The burden of appellant's argument is that plaintiff is not entitled to recover (1) because of a noncompliance of the provisions of paragraph 4 as to notice; and (2) because

of conduct of appellee denying the appellant the privilege of examination and repair or replacement of the property damaged as provided in paragraph 5.

This evidence discloses that the accident—found by the jury to be an explosion, collapse, or rupture—occurred on March 25, 1928. Appellee did not give immediate notice to the appellant in writing, nor render to appellant a particular account thereof, with an affidavit stating the value of the property destroyed or damaged, all of which was originally necessary under the provisions of paragraph 4. But appellee, on the day of the accident, attempted to call Mr. Adair, the local (soliciting) agent of appellant at Huntsville, to inform him of the accident. Mr. Adair was out of his office and could not be then reached. Two or three days later, Mr. Adair happened into the office of appellee, and appellee then and there informed him of the explosion. Mr. Adair reported the accident to R. A. Brown & Co., the general agents of appellant, at Birmingham, Ala., on March 31, 1928. On April 9, 1928, appellant sent Mr. C. A. McClean, its inspector, to inspect and examine the boiler and with authority to settle the claim. Upon making an inspection and examination of the injured boiler, Mr. McClean denied liability of appellant to appellee upon the sole ground that the injury to the boiler was not caused by explosion, collapse, or rupture. Later, and during the month of July, 1928, Mr. Kalkman, who was a claim adjuster for appellant and the manager of the Birmingham claim division of appellant, examined the boiler and, shortly following such examination, denied liability of appellant for the injury to the boiler upon the sole ground that the injuries could not be deemed an explosion, collapse or rupture.

Under the facts thus appearing, we hold that the appellant waived the failure to give the formal notice required by the provisions of paragraph 4 of the policy. Travelers' Ins. Co. v. Plaster, 210 Ala. 607, 98 So. 909, 911; Georgia Home Ins. Co. v. Allen, 119 Ala. 436, 24 So. 399; Washburn v. Union Central Life Ins. Co., 143 Ala. 485, 38 So. 1011; State Life Ins. Co. v. Finney, 216 Ala. 562, 114 So. 132.

In Travelers' Ins. Co. v. Plaster, supra, the court said:

"And so this court, in common with some others, has taken the broad ground that, when one specific ground of forfeiture is urged against the claim of insurance money, all other grounds are waived."

■■ We do not think that the second contention of appellant, to the effect it is not liable because of conduct of appellee denying appellant the privilege of examining the damaged boiler and of exercising its option of repairing or replacing it, is well taken. It appears from the evidence that immediately following the explosion, appellee purchased a new boiler and installed it upon the site of the injured boiler, and set the injured boiler over to one side in the boiler room where it remained until after the trial. No repair whatever was made by appellee on the injured boiler. No damage was claimed by appellee for the purchase of the new boiler, recovery being limited by the explicit instruction of the court to the jury, to the "actual and immediate damage. to property as insured against, estimated according to the true cash value of the property at the time of the accident, proper deduction for previous depreciation having been made." The fact of appellee having purchased a new boiler in no respect deprived appellant of the exercise of its privileges and options under paragraph 5.

Moreover, had the conduct of appellee in purchasing a new boiler been in violation of the provisions of paragraph 5, such breach, if any it was, was waived by the subsequent action of appellant, who then knew of the installation of the new boiler, in placing a denial of liability solely upon another ground. See authorities, supra.

■■ Included in the policy was a provision that, "The cracking or fracturing of any part or parts of a cast-iron boiler shall not in itself be deemed an explosion, collapse or rupture within the meaning of this policy and that any loss due to such cracking or fracturing shall not be covered under this policy." Based upon such provision, the appellant requested the following written charges, which were refused: "1. I charge you, gentlemen of the jury, that the plaintiff cannot recover for the cracking or fracturing of any part or parts of a cast-iron boiler." "2. The jury cannot infer an explosion, collapse or rupture from the presence of cracks in the boiler." There was testimony given by an experienced worker with boilers that: "A crack or fracture is evidence of an explosion. That is one of the most common evidences." Charge 1 was faulty in asserting a denial of liability for cracking or fracturing irrespective of whether it occurred as the result of an explosion or otherwise. Charge 2 is both argumentative and misleading and did not limit a denial of the inference hypothesized to the presence "only" of cracks in the boiler. The presence of cracks in connection with the other evidence in the case was sufficient to authorize an inference of an explosion. The court properly refused these charges.

■■ In the third ground of appellant's motion for a new trial, it is averred that "the verdict of the jury was based on evidence other than that produced before the jury on the trial of this cause." This ground was not sufficient in its averment to properly raise the question of improper conract of two members of the jury trying the case in visiting, during the trial, the boiler room where the injured boiler was stored. Moreover, it affirmatively appears that no prejudice resulted

5

to the cause of appellant by such visit, as the place where the boiler was located, according to the testimony of the jurors, was too dark for them to see anything.

There is no merit in the contention, raised by the motion for a new trial, that the verdict was excessive. There was evidence that the actual cash value of the boiler immediately before the explosion was $550, and that, immediately after the explosion, it was worth $12 to $15 as scrap iron.

Finding no error in the rulings of the trial court challenged on this appeal, the judgment appealed from will stand affirmed.

Affirmed.