154 So. 120

## JORDAN'S MUT. AID ASS'N v. ASBERRY.
### 6 Div. 522.

Court of Appeals of Alabama.
April 10, 1934.

C. B. Powell, of Birmingham, for appellant.

W. A. Jacobs, of Birmingham, for appellee.

BRICKEN, Presiding Judge.

This cause was tried by the court, no demand for a jury trial being made.

The complaint contained one count. There was no demurrer to the complaint, the defendant pleaded the general issue in short by consent. The court rendered judgment for plaintiff in the sum of $200, and overruled the motion for a new trial.

The suit was based upon a burial insurance policy issued by appellant to Anderson Smith, as the insured, and appellee, as the beneficiary.

Appellant first insists that error prevailed in the action of the court in overruling defendant's demurrer to the complaint. As stated, the record shows there was no demurrer interposed; this insistence therefore is without merit.

Defendant objected to the introduction in evidence of the policy sued upon on the grounds "it is not the document described in the complaint, and that the suit was brought on an insurance policy." This objection was properly overruled; it clearly appearing that the instrument in question was drawn and furnished by appellant, who therein designates it as a policy and refers to the insured and beneficiary, and, further, the instrument shows upon its face that it is an insurance policy, the substance thereof being correctly set forth in the complaint.

The policy of insurance and the premium receipt book were introduced in evidence, the

latter tending to show that the premiums were paid through the week of September 19, 1932, or up to the beginning of the week of September 26, 1932. The policy provides that it is not out of benefits until premiums become four weeks in arrears.

It is insisted by appellee that, upon the trial, Jordan, appellant, admitted that the policy was in force in so far as the payment of premiums was concerned. In this connection he (Jordan) testified: "The policy would become nonbenefit on the 24th day of October, according to the payments. According to this receipt book the first payment was due on the 1st, the next on the 15th, the next on the 22nd, the next on the 29th, the next on the 5th, the next on the 12th, the next on the 19th, the next on the 26th. One week would have been up on October 3rd, two weeks up to October 10th, three weeks up to October 17th, and four weeks on the 24th."

Insured died on October 17th, and the body was turned over to Jordan on that same day.

It is admitted that appellant refused to comply with the terms of the policy which provided for the burial of the insured, and appellee insists that the refusal by appellant was on the sole ground that the policy was out of benefits by reason of the premiums being four weeks in arrears. Appellant insists that the refusal to bury deceased was upon the ground that the insured was not in sound health before and at the time the policy was issued. Upon this controverted question, the evidence adduced was ample, in our opinion, to sustain the finding of the court.

It is the law, as contended by appellee, that, when an insurance company denies liability on one specific ground alone, it thereby waives all other defenses. In the case of Travelers' Ins. Co. v. Plaster, 210 Ala. 607, 98 So. 909, 911, the court said: "When one specific ground of forfeiture is urged against the claim of insurance money, all other grounds are waived." See, also, Maryland Casualty Co. v. Terry, 24 Ala. App. 172, 133 So. 303.

The foregoing appears conclusive of this appeal. Other insistences of error need not be discussed.

No error appearing, the judgment of the lower court from which this appeal was taken will stand affirmed.

Affirmed.