158 So. 904

## JOHN HANCOCK MUT. LIFE INS. CO. v. SUTTLES.

### 7 Div. 56.

Court of Appeals of Alabama.
Oct. 30, 1934.

Rehearing Granted Jan. 22, 1935.

Cabaniss & Johnston and L. D. Gardner, Jr., all of Birmingham, for appellant.

T. W. Millican and C. A. Wolfes, both of Fort Payne, for appellee.

RICE, Judge.

As Bricken, Presiding Judge, pertinently and correctly observed, in the opinion for this court in the case of Jordan's Mut. Aid Ass'n v. Asberry, 154 So. 120, 121,[1] "It is the law * * * that, when an insurance company denies liability on one specific ground alone, it thereby waives all other defenses." See Travelers' Ins. Co. v. Plaster, 210 Ala. 607, 98 So. 909, and Maryland Casualty Co. v. Terry, 24 Ala. App. 172, 133 So. 303.

In the instant case there seems no dispute but that appellee made claim as for permanent disability benefits, under the policy, and that her claim was denied on the sole ground that she was not "wholly and permanently disabled." This operated to fix the defenses available to appellant at this one.

Testimony pro and con was introduced on the issue raised by the claim made and this denial. The jury, upon ample evidence, found in appellee's favor on same.

All other questions urged, in view of the principle of law we have quoted, seem to us to become unimportant. They will not be considered. But see Prudential Insurance Company of America v. Gilbreath M. Gray, 230 Ala. 1, 159 So. 265.

The judgment appealed from is affirmed.

Affirmed.

### On Rehearing.

■ On original consideration of this case, noting that the evidence adduced disclosed a denial by appellant of liability under the policy in suit upon the sole ground that plaintiff (appellee) was not wholly and permanently disabled, we applied the well-recognized doctrine that, where an insurer denies liability on one specific ground, it thereby waives all other grounds of defense. Appellant, in its application for rehearing, contends that the doctrine of waiver is not applicable here for the reason that it was in no wise by the pleading made an issue. In short, it is insisted that, in order for appellee to have the benefit of 'a waiver, she must have brought same forward by way of replication. In this we are constrained to agree. Southern Sur. Co. v. Mobile Nat. Bank, 223 Ala. 463, 137 So. 297. The matter of waiver thus out of the way, we come to consider appellant's assignments of error.

Plea 2 was as follows:

"2. Defendant avers that the policy of insurance sued on is a Group Policy of insurance issued by defendant to W. B. Davis & Son, Inc., therein called the Employer, insuring certain employees of said W. B. Davis & Son, Inc. That said Group Policy of insurance contains the following provision:

" 'If any Employee shall furnish the Company with due proof that while insured under this policy and before having attained the age of sixty he has become wholly disabled by bodily injuries or disease, and will be permanently, continuously and wholly prevented thereby for life from engaging in any occupation or employment for wage or profit, the Company will waive further payment of premiums as to such Employee and pay in full settlement of all obligations to him under this policy the amount of insurance in force hereunder upon his life at the time of the receipt of proof of such disability, in a fixed number of installments chosen by the Employer from the Table in the paragraph entitled "Modes of Settlement," the first installment to be paid immediately upon receipt of due proof of such disability.'

"And defendant avers that said policy contained the following provision:

" 'The insurance of any Employee covered hereunder shall end when his employment with the Employer shall end except in a case where at the time of such termination the employee shall be wholly disabled and prevented by bodily injury or disease from engaging in any occupation or employment for wage or profit. In such case the insurance will remain in force as to such employee during the continuance of such disability for a period of three months from the date upon which the Employee ceased to work and thereafter during the continuance of such disability and while this policy shall remain in force until the Employer shall notify the Company to terminate the insurance as to such Employee. Nothing in this paragraph contained shall limit or extend the Permanent Total Disabil-

1 Ante, p. 105.

ity Benefit to which an Employee shall become entitled under this policy.' "

"And defendant avers that the plaintiff while an employee of W. B. Davis & Son, Inc. became insured under said policy on October 2, 1931. Defendant further avers that the plaintiff's employment with W. B. Davis & Son, Inc. ended on to-wit, January 29, 1932. Defendant further avers that on to-wit, July 1, 1932 the said Employer W. B. Davis & Son, Inc. notified the defendant to terminate the insurance as to the plaintiff.

"Defendant further avers that on to-wit, August 1, 1932 it first received proof that plaintiff claimed to be totally and permanently disabled and that prior to to-wit, August 1, 1932 the plaintiff did not furnish the defendant with proof that she had become totally and permanently disabled.

"Wherefore, defendant says that there was no insurance in force upon the life of the plaintiff at the time of the receipt of due proof of such disability."

Plaintiff's demurrer to this plea was sustained. This was error. The clear and unambiguous stipulation in the plea as set forth in the plea is that the insurance• ends with the termination of insured's employment. · But it is provided that, in case insured be wholly disabled at the time his employment terminates, the insurance shall remain in force during the continuance of such condition for a period of three months from the date the insured ceased work and thereafter during the continuance of such disability and while the policy shall remain in force until the employer shall notify the company to terminate the insurance as to such employee.

These contractual stipulations are, we think, not distinguishable in material respect from those considered recently by the Supreme Court in McGifford v. Protective Life Ins. Co., 227 Ala. 588, 151 So. 349. True the provision in the policy in that case was that the insurance should terminate at the end of the month of the termination of the employee's employment, whereas in the policy here involved there is a grace period of three months allowed in event of the employee's total disability at the time of termination of his employment, and a continuance in force thereafter until notice to terminate by the employer. But this prolongation of the insurance beyond the termination of employment is no more than a prolongation or continuation of the insurance, and in no wise serves to relieve the insured employee of the duty to give notice while the insurance is in

force in order to avail of disability benefits. The proviso that "nothing in this paragraph contained shall limit or extend the permanent total disability benefits to which an employee shall become entitled .under this policy," has reference only to the amount of disability benefits, and is not susceptible to the interpretation contended for by appellee, viz. that, in so far as disability benefits are concerned, the policy shall remain in force regardless of any notice of the employer to terminate the insurance as to such employee.

The plea alleges that appellee terminated her employment in January, 1932, that on July 1st, the employer gave notice to appellant to terminate the insurance as to appellee, and that appellee did not furnish proof of her disability until August 1st. On these averments of fact, the insurance was no longer in force when the notice was given. This was a good plea. On authority of McGifford's Case, supra, we must hold that the sustaining of demurrer thereto constituted reversible error.

In view of the retrial of the case, we refrain from any discussion of the evidence.

For the error indicated, the judgment of the county court is reversed, and the cause is remanded.

Rehearing granted; judgment of affirmance set aside and reversed and remanded.