# Foley *v.* Pioneer Min. & Mfg. Co.

*Action by Administrator for Death of Employee.*

[DECIDED FEB. 8, 1906, 40 So. REP. 273.]

1. *Master and Servant; Injury to Servant; Pleading; Contributory Negligence.*—A plea of contributory negligence, to a complainant alleging death of employe caused by escape of noxious gases, which avers that deceased failed to direct the fan in the manway to be turned on and operated for the purpose of expelling the noxious gases, is demurrable, in failing to aver any duty resting on deceased to direct the operation of the fan; or that if the fan was not running, he knew of it, or by the exercise of due care could have known it; or that it was necessary for the proper ventilation of the manway that the fan be operated.

2. *Same.*—A plea of contributory negligence, to a complaint alleging death of employe by reason of novious gases negligently permitted to be in the manway, which avers a duty resting on deceased to see that the fan was properly operated is demurrable, in that it fails to allege that deceased negligently went into the manway.

3. *Same; Assumption of Risk.*—While there is a clearly defined distinction between assumption of risk and contributory negligence, both are in confession and avoidance, and must be be specially pleaded to be available as defenses.

4. *Same; Statutory Duty of Master; Reliance on Performance.* One working in a mine, in the absence of a contrary knowledge, has a right to assume that the mine owner has obeyed the imperative duty resting upon him under § 2914 of Code 1896, and has provided ample ventilation to carry off the noxious gases from the mine.

5. *Same; Evidence; Conditions After Injury.*—Evidence of conditions existing a short time before or after an accident, in reference to the presence or absence of noxious gases in the mine, was admissible as tending to show conditions existing at time of accident.

6. *Evidence; Expert Testimony.*—A witness shown to be an expert as to the effect upon human beings of white damp and other mine gases, may give his opinion as to the cause of of the death of deceased, especially when it is shown that he knew deceased's previous physical condition and examined him after death.

[Foley v. Pioneer Min. & Mfg. Co.]

7. *Negligence; Proximate Causes; Concurrent Causes.*—The fact that the weak physical condition of deceased contributed in a measure to his death, would not acquit defendant of liability, if its negligence proximately contributed to his death.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Appellant, as the administratrix of Samuel Brown, deceased, brings this action for damages on account of the death of her intestate. It is brought under the employers liability act and the allegations are that the decedent came to his death by reason of white-damp or noxious gases while working in defendant's mine, and the negligence alleged consisted in a want of ventilation such as is required to keep the mine free from noxious gases, and as is required by the statute in this State. The negligence was attributed to the master in one count, to the superintendent in another, in not providing proper fans and in not keeping the fans provided running in such a way as to free the mine from gases and keep it in such condition as not to render work in it dangerous. The defendant filed three pleas, the first two being the general issue, and 3rd "And for the further answer to the complaint, the defendant says that the plaintiff's intestate was guilty of negligence which proximately contributed to his alleged injury, and his said negligence consisted in this, towit, that he failed to order and direct the fan then and there being in said man-way turned on and operated for the purpose of expelling any noxious or bad gases in the said man-way:" And 4th, "And for further answer to the complaint the defendant says that it was the duty of plaintiff's intestate, before going into said man-way or the place where he was employed to work, to see to it that the fan then and there provided by the defendant was in operation, which said fan was intended to drive out any bad gases in the man-way, without seeing to it that the said fan was in operation, and he was overcome by the gas, and that he then and thereby in so going into said man-way, without said fan in operation, was guilty of negligence which proximately contributed to his injury. There were demurrers to these two pleas which the court overruled.

The defendant objected and the court sustained the objection, to the following question propounded by plaintiff to witnesses, Kelsoe and Tenny. "What condition did you find the air in there the next morning?"

JAMES A. MITCHELL and FRANK DEEDMEYER, for Appellant.—Plaintiffs demurrers to defendants third plea should have been sustained. The statute requires the employer to maintain ample means of ventilation for the circulation of air through the main entries and all other working places to an extent that will dilute and carry off and render harmless noxious gases generated in the mines.—Sec. 2914, Code 1896. The defendant could not relieve itself from responsibility by attempting to shift this duty to the deceased. For substantially the same reason plaintiff's demurrer to defendants fourth plea as amended should have been sustained. There is no averment in said plea that plaintiff went into the man-way negligently.

The court erred in sustaining the objection to the question asked by plaintiff of the witness James Kelso.—21 Am. and Eng. Ency. of Law, 518, and cases cited; *B. U. Co. v. Alexander*, 93 Ala. 133.

The court erred in overruling plaintiffs objection to the question propounded by defendant to the witness Main, and in refusing to exclude his answer.

The evidence of the witness Penny was clearly competent upon two grounds. 1st, in connection with the evidence that the conditions in the mine remained unchanged down to the occurrence of the injury. 2nd, As tending to show the conditions at the time of the occurrence of the injury by evidence of what were the conditions just before or just after the injury.—Authorities *supra; C. etc. R. R. Co. v. Lewis*, 145 Ill. 66; *Swadley v. M. P. R. R. Co.*, (Mo.) 40 Am. St. Rep. 366; *Jessopy O. C. Co.* (Ia.) 60 N. W. 485; *Reese v. M. S. M. Co.* (Utah), 54 Pacific Rep. 759; *Rosenbaum v. Sheffner*, (Tenn.) 40 S. W. 1086. The court erred in refusing to allow the witness Naff, a physician, to state what was the cause of the death of Brown based upon his knowledge of the physical condition of Brown before his death and the

[Foley v. Pioneer Min. & Mfg. Co.]

condition in which he found him after death.—*Raub v. Carpenter,* 187 U. S. 160. The oral charge of the court touching the assumption of risk was error. There was no plea of assumption of risk inteposed. Contributory negligence and assumption of risk must be specially pleaded.—*C. O. & G. R. R. Co. v. McDade,* 191 U. S. 64; *G. P. Ry. Co. v. Davis,* 92 Ala. 300; *L & N. R. R. Co. v. Boulden,* 121 Ala. 197. For the same reason, the court erred in giving charge 1 requested by the defendant. The court erred in giving charge 2 requested by the defendant. It required a too high degree of proof.

The court erred in giving charge 3 requested by the defendant.—*Greene v. W. A. Co.,* (Wash.) 10 Pac. Rep. 3·0; Code 1896, § 2914; *Somner v. Coal Co.,* 32 C. C. A. 156. The court erred in giving charge 4 requested by defendant.—*Dresser on Employer's Liability,* p. 380. On the same authority the court erred in refusing charge 1 requested by the plaintiff. The court erred in giving written charge 5 requested by defendant.—*G. P. R. Co. v. Davis,* 92 Ala. 300.

CAMPBELL & WALKER, for Appellee.—There was no error in the court's ruling on the plea. It appears from appellant's brief that the defendant did not introduce any evidence in support of either of them. If error, it is without injury.

The court did not err in sustaining objections to the questions propounded to the witness Penny.

On the whole case the defendant was entitled to the affirmative charge. Brown's physical weakness was shown and it was further shown that his helper was not affected by the gas. The contention that the statutory duty resting on the defendant required him to have ventilated the mines is unsound. The statute applies to places that are finished. The statute does not require a place to be ventilated until it is in condition to be ventilated. Brown was creating a place in which to work and until it was created, there was nothing on which the statutory duty could operate.—*C. Co. v. Clay,* 51 Ohio St. 542; *Aurora Co. case* (Mich.) 66 N. W. 951; *L. C. Co. case* (Ind.) 43 N. E. 652; *Knowles Case,* 129 Ala. 410.

DOWDELL, J.—The defendant's pleas numbered 3 and 4 were each faulty in averments of facts constituting alleged contributory negligence, and the demurrers interposed to these pleas should have been sustained. The third plea does not aver any duty rested on the plaintiff's intestate to order and direct the operation of the fan, or that it was not at the time being duly operated, or that if it was not running that he knew it or by due care could have known it, or that he knew that it was necessary for the fan to be operated in order for the "man-way" to be a safe place to work. While the 4th plea avers a duty resting on plaintiff's intestate to see that the fan was properly operated, it does not aver that the deceased negligently went into the man-way.

Assumed risk when set up as a defense, is subject-matter for a special plea. There is a well defined distinction between assumption of risk and contributory negligence, still both of these defenses are in confession and avoidance of the plaintiff's action, and cannot be availed of under the general issue, but must be specially pleaded.

The statute, § 2914, Code 1896, in reference to the ventilation of mines. provides as follows: "The operator or superintendent of every coal mine, whether shaft, slope or drift, shall provide and hereafter maintain, ample means of ventilation for the circulation of air through the main entries and all other working-places to an extent that will dilute. carry off, and render harmless the noxious gases generated in the mines. It shall be the special duty of the inspector and his associates to carry out the provisions of this section; and it shall also be the duty of each and every mine-operator and mine-boss to assist the inspector and his assistants in carrying into effect said provisions."

The duty imposed by the statute is imperative and the employee or workman, in the absence of knowledge to the contrary, has a right to assume that the mandate of the statute has been obeyed by those upon whom the duty is imposed. It matters not from what cause the noxious gases generated in the mine may arise, the duty of ventilating for the purpose of diluting, carrying off, and rendering harmless such noxious gases remains the

same.

In reference to the rulings of the court on the admission and rejection of testimony relative to the condition of the mine before and after the alleged accident, the rule may be stated as follows: "Evidence of conditions before and after the accident may be received where it is also shown that the conditions testified to remained unchanged down to the occurrence of the injuries or the time to which the evidence relates; * * * * so evidence is admissible of conditions existing so short a time before or after the accident as, under the circumstances, to warrant an inference of fact that the same conditions existed when the injuries were received."—21 Am. & Eng. Ency. Law (2nd ed.) 517 and 518; *Birmingham Union Railway Co. v. Alexander*, 93 Ala. 133, 9 So. Rep. 525.

The evidence showed without conflict that there could have been no other cause for the existence of white damp in the man-way where the alleged accident occurred, if in fact any white damp existed there, than that of the shot or blast which had been made in the man-way at three o'clock p. m., about an hour or an hour and a half before the plaintiff's intestate entered it. Under these circumstances, we think the evidence of the witness Penny as to the conditions of the man-way the next morning, about thirteen hours after the alleged accident, as to the existence of white damp in the man-way at that time, was competent and relevant.

There is no merit in the objection to the question which was propounded to the witness Naff. This witness was shown to be an expert, and it was competent for him to give his opinion as to the cause of death, predicated on the facts stated in the question, it having been shown that the witness examined the deceased after death, and also that he had knowledge of deceased's previous physical condition.

If the negligence of the defendant was the proximate cause of the death of plaintiff's intestate, the fact that the weak physical condition of the deceased contributed in a measure to his death, would not acquit of liability.

There were exceptions reserved on the trial to portions of the court's oral charge to the jury, also to the refusal

[Central Foundry Co. v. Bennett.]

of certain written charges to the plaintiff and the giving of others for the defendant, but it is not necessary, after what we have said above, to consider in detail these exceptions, since what we have stated as the law applicable to the case will be a sufficient guide on another trial.

The judgment appealed from is reversed and remanded.

HARALSON, ANDERSON and DENSON, JJ., concurring.