# National Life & Accident Insurance Co. *v.* Singleton.

## *Assumpsit.*

### (Decided May 20, 1915. 69 South. 80.)

1. *Insurance; Action; Evidence.*—Where the policy provided that it should be in force until a specified time, and for such other period as the payment of specified premium would maintain it in force, and the company placed its claim of non-liability on the sole ground that death was not the result of a cause mentioned in the policy, the plaintiff was relieved of further proof that the policy was in force.

2. *Appeal and Error; Variance; Clerical Error.*—Where the policies alleged and proved were the same and it conclusively appeared that there was no attempt to sue on one policy and recover on another, a mere clerical error resulting in a variance between the date of the policy sued on and that of the one introduced in evidence was not grounds for reversal.

3. *Insurance; Accident; Risk Covered.*—Where insured received a cut in his lip while shaving or being shaved, which became infected and the infection spread, causing his death, an insurance company, insuring against bodily injuries, effected through external, violent and accidental means, was liable; it not appearing that there was any intentional injury either by insured or a third party.

4. *Same; Extent of Liability.*—Where there was no evidence that insured was insane when the cut was received, the case was not brought within the provision in the policy limiting the company's liability to one-fifth of the amount of the policy in case of injuries inflicted upon insured by himself, or received by him, while insane.

5. *Trial; Argument of Counsel.*—The defendant having interposed pleas of tender setting up that if it was liable at all, it was liable under a clause limiting the amount of the recovery to certain injuries, it was not improper for plaintiff's counsel to state to the jury that it was his opinion, and that he hoped it was the opinion of the jury that defendant by its plea of tender confessed everything in the policy, since, while such plea was not a confession of everything involved, yet the statement contained no fact which was not supported by the record and the fact that the attorney entertained or expressed an erroneous opinion as to the effect of the plea not being sufficient grounds for a reversal.

6. *Insurance; Pleading; General Replication.*—Where defendant set up by a plea of tender that if liable at all it was liable under a clause limiting the amount of the recovery to one-fifth of the face of the policy in case of certain injuries, and plaintiff replied by setting out such clause in its very words, and alleged that the injury was not intentional but accidental, and that insured was sane, if this

was in effect a general replication, but intended as a special one, though the court might have sustained a demurrer thereto, yet it was a matter within its discretion and it was not compelled to sustain the demurrers, and defendant was not injured by the overruling of demurrers because, if the facts stated in the replication were true then defendant's pleas were not good.

7. *Same.*—Under the rule that a replication is good if it either traverses, confesses and avoids or sets up matter in estoppel, and that it must do one of these three things, the replication here under consideration was good.

8. *Evidence; Expert; Opinion.*—Where there was a dispute as to whether insured died of bodily infirmity, or disease, or from violence or accidental cause, the probable cause of his death was a proper question for expert evidence.

9. *Same; Hypothetical Question.*—Expert witnesses may answer hypothetical questions when their answers will be relevant.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN C. PUGH.

Action by Mary W. Singleton against the National Life & Accident Insurance Company, on one of its policies. Judgment for plaintiff, and defendant appeals. Affirmed.

Transferred from Court of Appeals under the act creating said court.

STERLING A. WOOD, and THOMAS J. TYNE, for appellant.

ALLEN, FISK & TOWNSEND, for appellee.

MAYFIELD, J.—This is an action on a life and accident insurance policy. It presents a case in which the insured died; and the main questions are: (1) Whether or not the cause of the death was within the provisions of the policy; and (2), if within, was it within clause "J" of the policy, which provides that in the event the death or the injury results from one of several causes enumerated, then the liability of the insurance company shall be only one-fifth of the amount for

which it would otherwise be liable. The schedule of causes of death or injury, which it is claimed brings the case at bar within clause "J," is as follows: "Injury or loss, fatal or otherwise, of which there be no external or visible mark on the body; or injury, fatal or otherwise, due wholly or in part, directly or indirectly, to disease or bodily infirmity; or injury, fatal or otherwise, or disability resulting directly or indirectly, from bodily infirmity, any gas, vapor, narcotic, anæsthetic or poison  *   *   *  or death or disability due to or resulting, directly or indirectly, from injuries intentionally inflicted upon the assured by himself or by any other person (or from injuries inflicted upon the assured by himself, or received by him while insane)," etc.

The defendant insisted, by pleas of tender, that if liable at all it was liable under this clause. The jury, however, found against the defendant for the full amount claimed, which, of course, was a finding against those pleas of tender. Whether or not death resulted from any one of the causes above set forth was clearly a question for the jury, under the evidence in this case, and the court properly submitted that issue to the jury.

(1) It is first insisted by the appellant that there is no evidence that the policy was in force when death resulted to the insured. In this contention the appellant is in error. The policy provided that it should be in force "from 12 o'clock noon, standard time, of the day this contract is dated, until 12 o'clock noon, standard time, of the first day of March, 1908, and for such further periods, stated in the renewal receipts, as the payment of the premium specified in said schedule will maintain this policy and insurance in force."

There was evidence to show that the period had been extended as above provided; this by admissions of the defendant in its answers to interrogatories, and by its letters to the beneficiary after the death of the insured, when it placed its non-liability on the sole ground that death was not the result of any of the causes mentioned in the policy.—*Georgia Home Co. v. Allen*, 128 Ala. 451, 30 South. 537. The company having accepted the premiums, and placed its non-liability on the single ground above stated, the plaintiff was relieved from further proof that the policy was in force.

(2) It is next insisted that there was a variance between the date of the policy sued on and that of the one introduced in evidence. This was shown to be a mere clerical error, and was abandoned; but it was otherwise without merit, as it conclusively appears that there was no attempt to sue on one policy and recover on another. The two policies alleged and proven were one and the same.

(3) There was evidence sufficient to carry to the jury the question whether or not the death resulted from, or was caused by, a gash cut in the lip of the insured while he was shaving, there being evidence to show that a gash was so cut, and that it became infected and that infection spread from this small gash to his entire face and neck, and to other portions of his body, and that the death was the result of this infection.—*Gee's Case*, 178 Ala. 492, 60 South. 90; *Hinton's Case*, 158 Ala. 470, 48 South. 546. If death did so result from the cutting of the lip of insured while shaving, whether he was shaving himself or was being shaven by another, we hold that the death would be within the terms of the policy which provides against "bodily injuries effected through external, violent and accidental means."

There was no evidence whatever to show that the insured, or any other person, intentionally cut the gash; but all the evidence shows that the scar, cut, or gash was an accident, and within the risk of the policy.— See *Bason v. U. S., etc., Ass'n*, 44 Hun (N. Y.) 599. As before stated, there was no evidence tending to show an intentional injury, either by the insured or by a third party. The case therefore does not fall within the rule of cases in which the evidence does tend to show an intentional injury. These cases were discussed and reviewed by this court in the case of *Casualty Co. v. Cunningham*, 188 Ala. 159, 66 South. 41, L. R. A. 1915A, 538.

(4) There was likewise no evidence to the effect that insured was insane when the accident happened, and therefore the case was not brought within the last condition quoted above from subdivision "J" of the policy.

(5) It was not reversible error in the trial court to allow plaintiff's counsel to state that it was his opinion, and that he hoped it was the opinion of the jury, that the defendant, by its plea of tender, confessed everything in the policy. While the plea of tender was not a confession of everything involved in the suit, yet it was a matter for argument by counsel, and of course was evidentiary of some facts; and the mere fact that counsel entertained, or expressed, an erroneous opinion as to its effect is no sufficient ground to reverse the judgment. Counsel stated no fact which was not supported by the record; and the rest of his statement was the mere expression of his opinion, and of his hope that the jury would agree with him.

(6, 7) The defendant interposed two special pleas, 6 and 7, each of which purported to state, in substance,

parts of clause "J" of the insurance policy, and to allege that the case fell within that clause; and that if the defendant was liable, it was liable for only one-fifth of the full amount claimed. To these pleas the plaintiff replied, by setting out in hæc verba the parts of the clause which the pleas attempted to set out in substance only; and alleged that the injury was not intentional, but was accidental, and that the insured was sane at the time it was sustained. The replication was a complete answer to each of the pleas, and, whether it be treated as a general or a special replication it is unnecessary to decide, as the demurrer thereto was properly overruled. If it were in effect a general replication, but was intended as a special one, the court might have sustained the demurrer without committing reversible error, because the plaintiff would have had the full benefit thereof by taking issue on the pleas; but the court is not compelled to sustain a demurrer to such a replication; it is only within the discretion of the court to do so, because if it is in effect a mere traverse of the plea, it is of course good, and is allowable, and if the demurrer is sustained, the plaintiff cannot be injured thereby. So, in this instance, if the facts stated in the replication were true, then the pleas were not good, and the defendant could not be injured by the overruling of his demurrer to the replication. A replication is good if it either traverse, confess, and avoid, or set up matter in estoppel. It must however, do one or the other of these three things. Tested by this rule, the replication was good. There was no departure, and the replication answered the whole or both pleas which it professed to answer. While there was some evidence that the insured died of bodily infirmity or disease, and not from violence or accidental cause, yet

[Stokely v. Fidelity & Casualty Company of New York.]

this was, under the evidence, a question for the jury, and the trial court properly submitted the question to the jury.

(8, 9) We find no reversible error in the rulings of the trial court as to the admission and rejection of expert evidence touching the probable cause of the death of the insured. This was a subject litigated, and was strictly a question for such expert evidence.—*Foley's Case,* 144 Ala. 178, 40 South. 273. Such witnesses may answer hypothetical questions when the answers will be relevant.—*Moore's Case,* 148 Ala. 115, 42 South. 1024.

The record has been carefully examined, and we find no reversible error.

Affirmed.

ANDERSON, C. J., and SAYRE and SOMERVILLE, JJ., concur.