(113 So. 54)

## ST. LOUIS–SAN FRANCISCO RY. CO. v. CURTIS. (6 Div. 660.)

Supreme Court of Alabama.  April 21, 1927.

Rehearing Denied June 2, 1927.

**1. Evidence** ⊜⟿352(1)—**Reports on locomotive, kept under rule of Interstate Commerce Commission, held admissible in death action against railroad.**

In action for death of engineer in explosion of locomotive, inspection reports of ·railroad's agents relating to engine *held* admissible as primary evidence, where the inspections were required to be made and reports to be filed and kept by railroad by rule of Interstate Commerce Commission so that the reports were official railroad records.

**2. Evidence** ⊜⟿244(15)—**Inspection reports on locomotive injuring engineer held admissible only as materially bearing on whether defects had relation to explosion (federal Employers' Liability Act [U. S. Comp. St. §§ 8657–8665]; Safety Appliance Act [U. S. Comp. St: § 8605 et seq.]).**

In action under federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665) and Safety Appliance Act (U. S. Comp. St. § 8605 et seq.) for death of engineer in explosion of locomotive, inspection reports of railroad's agents constituting part of its official records were admissible only in so far as they had a material bearing on whether the defects disclosed by the reports related to, or had some bearing on, the explosion.

**3. Master and servant** ⊜⟿270(4)—**Only such reports on locomotive were admissible as had direct bearing on condition when explosion occurred or when conditions were presumably same.**

In action for death of engineer in explosion of locomotive, only such of the inspection reports on the locomotive were admissible as had a direct bearing on the condition of the engine at the time of the accident, or so shortly before the accident as to raise a presumption that the conditions were unchanged, there being no showing that the conditions were unchanged during the entire period covered by the various reports.

**4. Evidence** ⊜⟿544—**Witness failed to qualify as expert on cause of lime gathering on stay bolts of railroad locomotive.**

Witness *held* not to have qualified as an expert so that he might give his opinion as to the cause of lime gathering on the stay bolts of a railroad locomotive which exploded, killing engineer. ·

**5. Appeal and error** ⊜⟿1048(5)—**Question whether bolts were broken before explosion, if error as invading province of jury, held harmless, in view of answer leaving matter to jury.**

In action for death of engineer in explosion of railroad locomotive, question put one testifying as an expert whether in his opinion any of the stay bolts were broken before the explosion, if error as invading province of jury by involving a matter of fact rather than opinion, *held* harmless, in view of answer merely detailing facts and condition of bolts, and leaving question to be determined by jury.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action for death by Bessie S. Curtis, as administratrix of the estate of Charles A. Curtis, deceased, against the St. Louis-San Francisco Railway Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded:

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham,. for appellant.

It was reversible error to require the defendant to set forth in its answers to interrogatories comments or reports made by engineers handling the engine for the month prior to the accident, as to trouble with various parts of the mechanism calling for shop repairs, in the absence of evidence showing that any of the suggestions or complaints of the engineers referred to permanent defects or that the trouble indicated on the reports was anything but the natural result of the operation of the engine in the normal course of use and easily repaired. Beitman v. Birmingham Paint & G. Co., 185 Ala. 313, 64 So. 600; Carroll v. E. T. V. & G., ˙82 Ga. 452, 10 S. E. 163, 6 L. R. A. 214; 22 C. J. 384; Foley v. Pioneer M. & M. Co., 144 Ala. 178, 40 So. 273; Birmingham Union R. ·Co. v. Alexander, 93 Ala. 133, 9 So. 525; A., T. & S. F. v. Burks, 78 Kan. 515, 96 P. 950, 18 L. R. A. (N. S.) 231. Where the cause of the explosion of the boiler of a locomotive is· not shown, and where the evidence leaves it uncertain whether the explosion resulted from some defect in the engine for which the railroad company would be responsible, or from fault of the engineer, there can be no recovery for the death of the engineer of the locomotive resulting from the explosion. Patton v. T. & P., 179 U. S. 658, 21 S. Ct. 275, 45 L.·Ed. 361; N. O. & N. E. v. Harris, 247 U. S. 367, 38 S. Ct. 535, 62 L. Ed. 1167; Looney v. Metropolitan R. Co., 200 U. S. 480, 26 S. Ct. 303, 50 L. Ed. 564; Midland Valley R. Co. v. Fulgham (C. C. A.) 181 F. 95, L. R. A. 1917E, 1; St. L. & S. F. v. Dorman, 205 Ala. 609, 89 So. 70; Beebe v. St. L. T. Co., 206 Mo. 419, 103 S. W. 1019, 12 L. R. A. (N. S.) 760; Southern S. P. Co. v. Caraway, 182 Ala. 669, 62 So. 527; A. C. I. P. Co. v. Landrum, 183 Ala. 132, 62 So. 757; Pittsburgh Coal Co. v. Myers (C. C. A.) 203 F. 221; Courtney v. N. Y., N. H. & H. (D. C.) 213 F. 388; Mathews v. C. & N. W., 162 Minn. 313, 202 N. W. 896; Bishop v. Brown, 14 Colo. App. 535, 61 P. 50; Goodhines v. Chase, 100 App. Div. 87, 91 N. Y. S. 313; Ill. Cent. v. Houck, 72 Ill. 285.

Hugh A. Locke, David J. Davis, and Earl McBee, all of Birmingham, for appellee.

---

⊜⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The duty of making inspections and the reports called for by the interrogatories were by law required to be kept by the railroad company. I. C. C. rule 104; Comben v. Belleville Stone Co., 59 N. J. Law, 226, 36 A. 473; Labatt on M. & S. 154; Brann v. Chicago, R. I. & P., 53 Iowa, 596, 6 N. W. 5, 36 Am. Rep. 243; Dunn v. N. Y., N. H. & H. R. Co. (C. C. A.) 107 F. 666; Erie R. Co. v. Schomer (C. C. A.) 171 F. 798; Reed v. N. & W. R. Co. (C. C.) 162 F. 750. Plaintiff had an absolute right to call on defendant to place in evidence the inspection reports. B. & O. v. Flechtner (C. C. A.) 300 F. 318; Id., 266 U. S. 613, 45 S. Ct. 95, 69 L. Ed. 468; Ill. Cent. v. Prickett, 210 Ill. 140, 71 N. E. 435. Evidence of prior defect is admissible for the purpose of showing notice or knowledge on the part of the defendant. 29 Cyc. 612. Where evidence is admitted for one purpose, the party who desires to limit it should request the proper instructions. Long Dist. T. Co. v. Schmidt, 157 Ala. 391, 47 So. 731; Sloss Co. v. Mitchell, 181 Ala. 576, 61 So. 934. Evidence is admissible of conditions existing so short a time before or after the accident as under the circumstances to warrant an inference of fact that the same condition existed when the injuries were received. Foley v. Pioneer M. & M. Co., 144 Ala. 178, 40 So. 273; Henderson v. Chicago, etc., Co., 73 Ill. App. 57; Forde v. Nichols (Com. Pl.) 12 N. Y. S. 922; Swadley v. Mo. Pac., 118 Mo. 268, 24 S. W. 140, 40 Am. St. Rep. 366; Mixter v. Imperial Coal Co., 152 Pa. 395, 25 A. 587; Frankfort & V. T. Co. v. Hulette, 106 S. W. 1193, 32 Ky. Law Rep. 732; L. & N. v. Woods, 105 Ala. 561, 17 So. 41; Maryland D. & V. R. Co. v. Brown, 109 Md. 304, 71 A. 1005. Whether the stay bolts appeared to be broken prior to the explosion did not require an expert witness. Ill. Cent. v. Prickett, supra.

ANDERSON, C. J. This is an action for the death of the plaintiff's intestate, who was an engineer on an interstate locomotive, and which resulted from the explosion of said locomotive. The only two counts which went to the jury were F and I. Count F is based upon the "federal Employers' Liability Act (U. S. Comp. St. §§ 8657–8665)," and count I sought recovery under the "Safety Appliance Act (U. S. Comp. St. § 8605 et seq.)."

[1-3] The plaintiff propounded numerous interrogatories to the defendant, and called for the production of various and sundry inspection reports relating to the engine in question and covering a considerable period of time prior to the accident. The defendant made timely objection to the interrogatories and to the introduction of said reports respectively when offered in evidence as well as to comments upon same by plaintiff's counsel after they were introduced in evidence. It would seem that under the ordinary rule of evidence these reports were but declarations of an agent, and not admissible against the defendant as primary evidence, and only for the purpose of showing notice after the defect is established by the best evidence. Atchison, T. & S. F. R. R. v. Burks, 78 Kan. 515, 96 P. 950, 18 L. R. A. (N. S.) 231. It appears, however, in the case at bar that inspections were not only required to be made, but also reports were to be filed and kept by the defendant under rule 104 of the "Interstate Commerce Commission," and these reports, being a part of the official records of the defendant, were admissible as against the defendant. B. & O. R. R. v. Flechtner (C. C. A.) 300 F. 318, certiorari denied 266 U. S. 613, 45 S. Ct. 95, 69 L. Ed. 468. These reports, however, were admissible only so far as they had any material bearing upon the issue involved, that is, that the defects there disclosed related to, or had some bearing upon, the explosion. It is also well established that conditions of an instrumentality before an accident are not admissible to establish the defect at the time of the accident, unless there is proof also that conditions remained the same from the time of the inspection up to the time of the accident, or unless the inspection and discovery were so shortly before or subsequent to the accident that a reasonable presumption would arise that conditions had not been changed. Foley v. Pioneer Co., 144 Ala. 178, 40 So. 273; Birmingham R. R. v. Alexander, 93 Ala. 133, 9 So. 525; 29 Cyc. 614; Sou. R. R. v. Lefan, 195 Ala. 295, 70 So. 249. Here the proof fails to show that conditions, as indicated by the various reports, remained the same throughout. On the other hand, some of the reports negative the fact, as some of these show that defects set out in prior reports did not exist in some of the subsequent ones, thus indicating that they had been remedied or removed. The trial court erred in admitting the inspection reports covering a series of weeks, and should have confined the plaintiff to the ones that may have had a direct bearing upon the condition of the engine at the time of the accident or so anterior thereto as to raise a presumption that there was no change in conditions.

[4] We do not think that the witness Baird sufficiently qualified as an expert to give his opinion as to what caused the lime to gather on the stay bolts. In the first place, he expressly stated that he was not an expert mechanic. He was a coal miner, and said: "I have never had any experience with railroad locomotives or operated one. My only experience was with a little, small dinky engine dumping coal." So the only experience he ever had was with one little dinky engine in West Virginia, and it does not appear that even as to this one there

was an accumulation of lime on the stay bolts or other parts thereof.

[5] The question asked this witness as to whether or not any of the stay bolts were, in his opinion, broken before the explosion was perhaps bad as invading the province of the jury, as this involved a fact rather than an opinion. But we think the answer of the witness rendered it harmless, as he gave no affirmative answer, only detailed the facts and condition of the bolts,~and left it to the jury to determine whether they were broken before the explosion.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SOMERVILLE, THOMAS, and BROWN, JJ., concur.