174 So. 496

### ALABAMA UTILITIES SERVICE CO. v. ESTELLE.

#### 3 Div. 196.

Supreme Court of Alabama.

April 15, 1937.

Rehearing Denied May 27, 1937.

Rushton, Crenshaw & Rushton, of Montgomery, for appellant.

Hill, Hill, Whiting & Rives, of Montgomery, for appellee.

BOULDIN, Justice.

Action for damages for personal injuries from a gas explosion. Plaintiff was the janitor in an apartment building in Montgomery. The explosion occurred while attempting to light an automatic gas-heating plant in the basement of the building.

The complaint avers that the apartment building had been heated by a coal-burning furnace and that "during the year 1932 the defendant was, in the City of Montgomery, Alabama, engaged in the business of furnishing for reward gas to the public generally, and then and there undertook in the prosecution of 'its said business to furnish for a reward gas to said apartments to be used in said furnace and to convert said furnace from a coal burning furnace into a gas burning furnace, and did then and there so negligently conduct its said business that as a proximate result and consequence thereof on, to-wit, December 19th, 1932, there was a violent explosion of gas in said furnace and the plaintiff, who was then and there at said furnace in said apartments in the performance of his duties as such servant or employee, received personal injuries."

A plea in short by consent presented the general issue and the issue of contributory negligence. The main contention on appeal is that defendant was entitled to a directed verdict, or affirmative charge with hypothesis under the issue of contributory negligence.

Without dispute, defendant was engaged in furnishing gas for heating purposes, and did undertake to furnish and install gas appliances, and convert the coal-burning furnace into a gas-heating furnace. Without dispute, also, defendant undertook to service the operation of the plant to the extent of responding to calls at any and all times when there was trouble in the operation of the plant.

Plaintiff's evidence was largely directed to proof that the plant did not operate properly, that trouble developed frequently, variously estimated at nine to twenty times within the year. Admittedly, defendant did respond to all calls by sending a service man promptly. Among the troubles were five explosions, including that here involved. Three minor explosions, or flare-backs, occurred before this one; the fifth a few months later, whereupon the gas appliances were removed and service discontinued.

Evidence of other explosions was admitted over objections of defendant. This ruling is here presented for review.

The basic ground on which such evidence is challenged is that the conditions relating to such other explosions were not shown to be the same as on the occasion here in question.

The evidence disclosed that the coal-burning furnace was connected with chutes and flues from the rooms in apartments above, that in this way waste and garbage was disposed of by using the furnace as an incinerator. Defendant's evidence tended to show that, despite an agreement with the owner to discontinue this incinerator service, it was not done, and waste dumped into the furnace smothered the gas flames, causing these former explosions. Without question the immediate cause of the explosion in the instant case was that the pilot ·light, intended to burn continuously and regulate the feed of gas to the furnace, had gone out. The plaintiff, in the course of his service as janitor, undertook to light the pilot with a lighted match, and in this effort the explosion occurred.

The question of contributory negligence aside for the present, the liability of defendant turned on its negligence, vel non,

in the creation of, or failure to prevent, a dangerous condition, viz., the presence of explosive gas in such quantity as to cause an explosion from the lighted match.

It appeared these former explosions occurred while the furnace was fired up in regular operation. Plaintiff's evidence, however, contradicted that of defendant to the effect that they were caused or influenced by foreign matter cast into the furnace through the incinerator system, or other outside agency.

█ Notwithstanding evidence for defendant to the effect that the plant was of standard type, recognized as among the best on the market, and was installed according to directions, still, if it did not operate properly, causing explosions and the going out of the pilot light from time to time, without outside agency, as plaintiff's evidence tended to show, such explosions were competent to be considered along with all the facts as affording an inference of negligence in the installation or in furnishing the gas supply to an appliance intended to operate automatically. The evidence of frequent troubles, the nature of them, and readjustments because of them were all relevant on the question of negligence causing a dangerous condition on the occasion in question. The distinctions made by law with regard to other incidents of like kind need not be dwelt upon. We are dealing with the condition of an automatic plant, and, if no outside agency contributed to the troubles, similarity of conditions is sufficiently shown. Southern Railway Co. v. Lefan, 195 Ala. 295, 70 So. 249; Foley v. Pioneer Min. & Mfg. Co., 144 Ala. 178, 40 So. 273; note, 81 A.L.R. 686 et seq.

█ Touching plaintiff's contributory negligence, defendant's evidence tended to show that the janitor was instructed not to undertake to start up the furnace if the pilot light went out, but to call at once for defendant's service man. But the evidence here was in dispute. Plaintiff's evidence tended to show defendant's representatives instructed him to keep a daily watch on the operation of the plant, instructed him how to light the pilot, if and when it went out, that he had theretofore done so with safety, and he was proceeding at the time as instructed. The question of contributory negligence was for the jury.

Another and different question is raised by one phase of the evidence.

It appeared without dispute that water had accumulated on the floor of the basement that morning, due to the bursting of a hose for which neither of these parties was in any way responsible. The depth of the water was variously estimated at 1½ to 6 inches. The defendant presented expert opinion evidence of a witness tending to show the presence of this water was the cause of the going out of the pilot light, and also of gas in dangerous quantities being in the furnace or chamber where the lighted match produced the explosion.

A model of the thermostat and connections was presented in court for inspection and is certified here for examination in connection with detailed testimony on this issue.

Suffice for our purposes to say this evidence tends to show that the water in the basement rose above and cut off the intake of air into the small flow of gas to the pilot light, and so extinguished it. At the same time, so the evidence runs, water, being a good conductor, made an electrical connection, which served to start up or keep going an electric motor, thus causing a flow of gas into the furnace after the fire was out. Hence, the explosion.

█ On this phase of the evidence, no negligence can be charged to defendant. No duty to anticipate an untoward event of that sort appears. Neither does it import as matter of law contributory negligence on the part of the janitor. No presumption of knowledge, nor duty to know this water in the basement could cause an accumulation of explosive gas, can be indulged. It may be noted that this line of testimony, as well as more direct evidence, tends to show that ordinarily the going out of the safety pilot would stop the flow of gas to the furnace in quantities to cause an explosion. The accident, on this hypothesis, must be attributed to an efficient intervening cause for which neither of these parties was responsible.

█ But again the evidence on this issue is not without conflict. It was for the jury to determine on the whole evidence whether the water did extinguish the pilot light, also to weigh the expert opinion evidence, touching the cause of the presence of gas in the furnace after the fire was out.

We are of opinion, upon consideration of the whole evidence, conflicting on many

230

points, the issues were properly submitted to the jury, and that their verdict, sustained by the trial court, should not be here set aside, in view of the well-known presumption in such cases. We find no other ground for reversal in matters presented. Further discussion is deemed unnecessary.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.