94 So.2d 397

**AMERICAN AUTOMOBILE INSURANCE COMPANY**

v.

**F. M. ENGLISH and Alabama Farm Bureau Mutual Casualty Insurance Co., Inc.**

4 Div. 824.

Supreme Court of Alabama.

March 7, 1957.

Rehearing Denied April 25, 1957.

Jack Crenshaw, Montgomery, for appellant.

Thos. F. Parker and J. O. Sentell, Jr., Montgomery, for appellees.

LIVINGSTON, Chief Justice.

F. M. English and Alabama Farm Bureau Mutual Casualty Insurance Co., hereinafter referred to as Farm Bureau, filed a bill in the Circuit Court of Coffee County, Alabama, in Equity, seeking a declaratory judgment against American Automobile Insurance Co., hereinafter referred to as American. Covington Motor Co., hereinafter referred to as Covington, Frances Grantham and Frances Grantham, as administratrix of the estate of Charles L. Grantham, deceased, were joined as party respondents. The bill averred that English owned a 1947 Ford truck, which was covered by a policy of liability insurance issued to English by Farm Bureau.

The bill further averred that on November 3, 1952, English purchased a new 1952 Ford truck from Covington and took possession of it pursuant to a conditional sales contract. By the terms of the purchase, English traded in the aforementioned 1947 Ford truck as a down payment on the new truck; however, by agreement of the parties, English was allowed to retain possession of the 1947 truck until an appropriate body could be affixed to his new 1952 truck. On November 4, 1952, while driving said 1947 truck, English was involved in an automobile accident in Coffee County, Alabama, with a car driven by Charles L. Grantham, deceased, and in which Frances Grantham was riding as a passenger. As a result of this accident, suits were filed against English by Frances Grantham, individually, and as administratrix of the estate of Charles L. Grantham, deceased.

It was also averred by said bill that shortly after the accident, Covington took possession of the 1947 truck, which had been traded in to Covington on November 3rd and which was involved in said accident on November 4th, and has been in possession of said truck since that time. It made no attempt to avoid the sale or to return the wrecked truck to English, and has continued to accept monthly payments from English in accordance with the contract sale.

The bill averred that at the time of said accident, Covington had a general garage liability policy issued by American which protected a user of a vehicle owned by Covington when used with the permission of Covington.

The bill was amended by adding thereto the following:

"That Mrs. Frances Grantham was duly appointed Administratrix of the Estate of Charles L. Grantham, deceased, by the Probate Court of Coffee County, Alabama, where said administration is now pending. That said estate has not been settled, nor final distribution made, nor is there any petition pending for final settlement of said estate at this time."

Farm Bureau and English demanded of American that it undertake the defense of the aforesaid suits and pay any judgments recovered by reason of said suits. American failed to assume any responsibility for the defense of the suits and expressly denied liability in connection therewith. This bill was brought seeking a declaratory judgment that American was primarily liable to defend any actions and to pay any judgments rendered against English in such actions, and that Farm Bureau was under no obligation to assist in the defense of any litigation arising out of said accident or to pay any judgments which may be recovered as a result thereof until the policy coverage of American had been exhausted.

A final decree was entered to the effect that American is primarily liable under its policy of insurance covering Covington, and that Farm Bureau is only liable under its policy for liability in excess of the coverage provided by American's policy covering Covington. American appealed.

American's plea in abatement to the venue of the Circuit Court of Coffee County, in Equity, was adjudged insufficient as against the bill as amended.

American concedes that if Frances Grantham, as administratrix, was a material party to the action, the Circuit Court of Coffee County had venue. A material party is one who is really interested in the suit; one against whom a decree is sought, so that his interest is in a sense antagonistic to that of the complainant. State Farm Mut. Auto Ins. Co. v. Sharpton, 259 Ala. 386, 66 So.2d 915; Wilder v. Crook, 250 Ala. 424, 34 So.2d 832; First Nat. Bank of Birmingham v. Johnson, 227 Ala. 40, 148 So. 745; Ex parte Fairfield-American National Bank, 223 Ala. 252, 135 So. 447; Lewis v. Elrod, 38 Ala. 17. In State Farm Mut. Auto Ins. Co. v. Sharpton, supra, [259 Ala. 386, 66 So.2d 917] this court held that the parties

who had instigated actions against the insured were material parties when the insurer sought a declaratory judgment that it was not liable for any judgment rendered in the actions for damages covered by its policy of insurance. In that case, it was stated:

> " * * * But the plaintiffs in the several suits for damages are directly interested to the extent that the court is asked to declare that complainant is not liable for any judgment which may be rendered. Plaintiffs can enforce against complainant such liability under sections 11 and 12, Title 28, Code. They are therefore necessary parties in such a suit as this, section 166, Title 7, Code, sufficient to fix the venue under section 294, Title 7, in Lauderdale County. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826. * * * "

In 1 Anderson, Actions for Declaratory Judgments, §§ 137, 253, it is stated:

> "It may be generally said, that in this class of cases wherein the insurance company seeks to escape responsibility and to be relieved of the duty of defending, that the injured parties in such automobile accident, the insured and all insurance companies are necessary parties and that declaratory relief will not be granted until they are made either plaintiffs or defendants in such a case."

In the present case, Farm Bureau does not seek to be absolved of all liability, but to be held liable only as the excess insurer if the policy coverage of American is exhausted, and to be relieved of the duty of defending. This difference, however, does not distinguish this case from the Sharpton case. If a judgment was rendered in favor of Frances Grantham, as administratrix, she would have the right to enforce it against Farm Bureau under Sections 11 and 12, Title 28, Code of 1940. Therefore, Frances Grantham, as administratrix, was a material party and there was no error in the court holding that American's plea in abatement was insufficient.

■ An appellant cannot insist upon error in the overruling of a demurrer interposed by his correspondent who is not complaining of the ruling. Watt v. Combs, 244 Ala. 31, 12 So.2d 189, 145 A.L.R. 667; Middlebrooks v. Moore-Handley Hardware Co., 209 Ala. 526, 96 So. 410; Larkin v. Haralson, 189 Ala. 147, 66 So. 459.

■ The test of the sufficiency of a bill in a declaratory judgment proceeding is not whether the complaint shows that the complainant will succeed in getting a declaration of rights in accordance with his theory and contention, but whether he is entitled to a declaration of rights at all. If the bill of complaint states the substance of a bona fide justiciable controversy which should be settled, a cause of action for a declaratory judgment is stated and the demurrers should be overruled. Mobile Battle House, Inc., v. City of Mobile, 262 Ala. 270, 78 So.2d 642; Waterworks and Sanitary Sewer Board v. Dean, 260 Ala. 221, 69 So.2d 704; Percoff v. Solomon, 259 Ala. 482, 67 So.2d 31, 38 A.L.R.2d 1100; Evers v. City of Dadeville, 258 Ala. 53, 61 So.2d 78; White v. Manassa, 252 Ala. 396, 41 So.2d 395; City of Bessemer v. Bessemer Theatres, Inc., 252 Ala. 117, 39 So.2d 658. The bill in the present case states the substance of a bona fide justiciable controversy. The right to a judicial declaration of liability or nonliability upon the happening of an accident has been given full recognition in this state in the following cases: State Farm Mut. Auto Ins. Co. v. Sharpton, supra; Reed v. Fidelity & Casualty Co. of New York, 254 Ala. 473, 48 So.2d 773; United States Fidelity & Guaranty Co. v. Hearn, 233 Ala. 31, 170 So. 59, as has the right to a judicial declaration of the priorities of liability. Louisville Fire & Marine Ins. Co. v. St. Paul Fire & Marine Ins. Co., 252 Ala. 532, 41 So.2d 585; Farm Bureau Mut. Automobile Ins. Co. v. Preferred Acc. Ins. Co., D.C., 78 F.Supp. 561; Maryland

Casualty Co. v. Hubbard, D.C., 22 F.Supp. 697. There was no error in the trial court overruling American's demurrer.

■ American contends that on November 3, 1952, English and Covington made an executory contract to sell the 1947 truck which was involved in said accident on November 4, 1952, such contract not becoming executed until said truck was delivered to Covington. Farm Bureau contends that there was a sale of said truck by English to Covington on November 3, 1952. The intention of the parties determines when a contract to sell is executed. Sec. 24, Title 57, Code 1940. The intention of the parties is a question of fact rather than one of law. Hyatt v. Reynolds, 245 Ala. 411, 17 So.2d 413; Loval v. Wolf, 179 Ala. 505, 60 So. 298; Cook & Laurie Contracting Co. v. Bell, 177 Ala. 618, 59 So. 273; 2 Williston, Sales, § 262 (Rev.Ed.); Benjamin, Sale 346 (6th Ed.). The trial court found that title to the 1947 truck passed to Covington on November 3, 1952. A chancellor's findings of fact on oral testimony given before him are presumed to be correct. Brown v. Oldham, 263 Ala. 76, 81 So.2d 331; Harrison v. Harrison, 261 Ala. 648, 75 So.2d 620; Tilley v. Tucker, 261 Ala. 287, 73 So.2d 923. In the instant case, we are unable to say that the finding of the trial court is palpably wrong or unjust. Authorities, supra.

■ American argues that the trial court erred in placing the primary liability on American and decreeing that Farm Bureau was liable only in excess of the coverage provided in the policy of insurance issued by American to Covington. Farm Bureau has not appealed and is not here complaining of that holding by the trial court. We are holding that at the time of the accident the 1947 Ford truck was owned by Covington. The policy issued by Farm Bureau to English on said truck contained the following:

"Insurance terminates on a replaced automobile on delivery date of the replacing automobile."

The 1952 Ford truck was delivered to English on November 3rd; therefore, unless some subsequent insuring agreement in the Farm Bureau policy affords additional insurance to English, the Farm Bureau policy would not in any way cover the accident on November 4, 1952. Farm Bureau, in effect, admits that Insuring Agreement V does afford additional insurance to English. Insuring Agreement V reads as follows:

"V. Use of other Private Automobiles or Trucks. Such insurance as is afforded by this policy for liability and for medical payments with respect to the private passenger automobile described in the declarations, *applies to the named insured* who owns the automobile, if an individual, and to the spouse of such individual if a resident of the same household, as the insured, *with respect to the use of any other automobile by or in behalf of such named insured* or spouse. This insuring agreement does not apply:

"(a) to any automobile owned by, registered in the name of, or furnished for regular use to, the named insured or spouse;

"(b) to any insured other than as provided in this paragraph

"(c) to any automobile not of the private passenger type while used in the business or occupation of the named insured or spouse, or to any private passenger automobile while used in such business or occupation if operated by any person other than the named insured or spouse or an employee whose duties do not involve the use of an automobile, unless the named insured or spouse or such employee is present in such automobile." (Emphasis supplied.)

In our opinion, and we hold that, the Insuring Agreement V did cover English in the operation of the 1947 Ford truck on November 4th, although the truck itself

86

was not covered and English had purchased in his own name the license tags for said truck before the accident occurred. The purchase by English of the license tags in his own name may be some evidence of ownership, but it is not conclusive, and the trial court found, on sufficient evidence, that he did not own it on November 4th. We are cited to no statute in Alabama, and our search has not revealed one, requiring the registration of automobiles or trucks. Section 706, Title 51, Code 1940, provides, in substance, that when proper motor vehicle license tags shall have been bought for the current tax year for a motor vehicle, and such motor vehicle is sold or transferred, by compliance with Sec. 706, supra, the license tags go with the vehicle for that tax year.

Subdivision (a) of Insuring Agreement V simply means that English is not covered by the Farm Bureau policy here involved while operating other automobiles or trucks owned by him or furnished to him for regular use by someone else. We think it obvious that Subdivision (a) of Insuring Agreement V is designed to prevent an insured, who owns or regularly uses more than one vehicle, from securing one policy of insurance covering a specific vehicle and operating other vehicles under the coverage of that one policy.

Subdivision (b) has no application here.

Subdivision (c) provides that Insuring Agreement V does not apply to any automobile not of a private passenger type, and it is argued that a truck is not of a private passenger type. The argument overlooks that Insuring Agreement V itself applies to "The use of other Private Automobiles or Trucks."

Condition 14 of the policy issued by Farm Bureau to English expressly provides that the insurance under Insuring Agreement V shall be excess insurance over any other valid and collectible insurance available to the insured.

The trial court correctly held that American is primarily liable for any judgment arising out of the two suits at law against English, and that Farm Bureau liability under its policy is to pay the excess after the coverage of American is exhausted.

American, with knowledge of all pertinent facts, denied liability solely on the ground that it was not the primary insurer in the present situation. When an insurer specifically denies liability on one ground, it thereby waives all other grounds of forfeiture. Rhode Island Ins. Co. of Providence, R. I. v. Holley, 226 Ala. 320, 146 So. 817; Travelers Ins. Co. v. Plaster, 210 Ala. 607, 98 So. 909; Fidelity-Phoenix Fire Ins. Co. v. Ray, 196 Ala. 425, 72 So. 98; National Life & Accident Ins. Co. v. Singleton, 193 Ala. 84, 69 So. 80; Security Ins. Co. v. Laird, 182 Ala. 121, 62 So. 182; Georgia Home Ins. Co. v. Allen, 128 Ala. 451, 30 So. 537; 16 Appleman, Insurance Law and Practice, § 9260, p. 837; 45 C.J.S., Insurance, § 1005, p. 1230. Thus, when American specifically denied liability on the ground that it was not the primary insurer, it waived forfeiture for lack of sufficient notice and cooperation on the part of insured. Liverpool & London & Globe Ins. Co., Ltd., of England v. McCree, 213 Ala. 534, 105 So. 901; Travelers Ins. Co. v. Plaster, supra; 8 Appleman, Insurance Law and Practice, § 4747, p. 146; Indemnity Ins. Co. of North America v. Forrest, 9 Cir., 44 F.2d 465; Hunter v. Hollingsworth, 165 Va. 583, 183 S.E. 508; 8 Appleman, Insurance Law and Practice, § 4786, p. 185. Moreover, the question of cooperation of English with American is one of fact, and although the trial court made no specific finding as to this fact, the effect of the decree is that it has been determined by the trial court adversely to appellant on testimony taken orally before it.

The decree of the lower court is affirmed.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.