In the majority opinion, the following statement is made:
 "Therefore, we hold that the issue of whether an automobile is furnished or available for the regular or frequent use of another under the terms of a non-owned automobile clause in a contract of insurance is ordinarily a question of fact, and to the extent that certain language in Cotton States Mutual Insurance Co. v. Michalic, [443 So.2d 927
(Ala. 1983),] is in conflict with our holding in the instant case, that case is overruled."
I agree that there is some language in Cotton States MutualIns. Co. v. Michalic, which could be construed to conflict with the holding quoted above, and, therefore, I agree that any statement in Cotton States which is contrary to the rule announced today should not be followed. Specifically, in CottonStates, I wrote for the Court the following:
 "Insurer, on the other hand, argues that the issue is one of construction, and so is a question of law. We agree. This does not answer the question to be resolved in this case, however." 443 So.2d at 930.
The majority opinion in the present case addresses that last sentence, as follows:
 "As the last sentence of the above quotation from Cotton States reveals, our holding that the question of whether an automobile has been furnished for the regular use of an insured is one of law was not germane to the resolution of the issue to be decided in that case. After reconsideration of this issue, we are of the opinion that the comment in Cotton States, to the effect that the 'furnished for regular or frequent use' issue is, in all cases, a question of law, is incorrect."
I concur in this interpretation of the sentence, and file this special concurrence for that purpose. *Page 396